Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
300 South First Street
San Jose, California 95113
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: service@moorelawfirm.com

Attorney for Plaintiff
Gerardo Hernandez

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO COURTHOUSE

GERARDO HERNANDEZ,

        Plaintiff,

    vs.

SPRING CHARTER INC. dba VALLEY
MARKET & GAS, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 3:19-cv-01479-TSH

**PLAINTIFF'S NOTICE OF MOTION
AND MOTION FOR RECOVERY OF HIS
ATTORNEY'S FEES, COSTS, AND
LITIGATION EXPENSES**

Date: March 19, 2020
Time: 10:00 a.m.
Courtroom: G, 15th Floor
Magistrate Judge Thomas S. Hixson

# TABLE OF CONTENTS

**Page**

Table of Authorities ............................................................................................................ ii

Notice of Motion and Motion .............................................................................................1

Memorandum of Points and Authorities.............................................................................2

    I.     Introduction and Procedural History.........................................................................2

    II.    History of Settlement Discussions Prior to Settlement of Injunctive Relief
          and Damages .............................................................................................................3

          A.    Hernandez offered to settle even before Defendants appeared in this action. ....3

          B.    Hernandez offered to settle prior to the joint site inspection ............................3

          C.    Hernandez offered to settle before the in-person meet and confer ....................4

          D.    Final settlement .................................................................................................5

    III.   Subsequent Settlement Discussions re: Fees and Costs.............................................5

    IV.   Hernandez is the prevailing party and entitled to recover his fees and costs .............6

          A.    Prevailing party status.......................................................................................6

          B.    The ADA and California law both provide for recovery of fees and costs,
              and the ADA additionally provides for the recovery of litigation expenses.......7

    V.    Attorney's fees are determined using the reasonable hourly billing rate
          multiplied by the reasonable number of hours expended ...........................................8

          A.    Reasonable hourly billing rate of attorney and paralegals.................................8

          B.    Rates previously awarded to Hernandez's attorney and staff in
              this district........................................................................................................9

          C.    Reasonable number of hours expended on this matter ....................................10

          D.    Laffey Matrix ..................................................................................................14

          E.    Hensley factors......................................................................................... 16-18

    VI.   Costs and litigation expenses incurred....................................................................18

    VII. Summary of requested fees and costs.......................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Brown,*
  805 F. Supp. 2d 918 (N.D. Cal. 2011) ................................................................. 9

*Banas v. Volcano Corp.*,
  47 F. Supp. 3d. 957 (N.D. Cal. 2014) ................................................................. 10

*Barrios v. Cal. Interscholastic Fed'n*,
  277 F.3d 1128 (9th Cir. 2002) ............................................................................ 7

*Blackwell v. Foley*,
  724 F. Supp. 2d 1068 (N.D. Cal. 2010) ....................................................... 10, 11

*Blum v. Stenson*,
  465 U.S. 886 (1984) .............................................................................................. 8

*Brae Asset Funding, L.P. v. Applied Fin., LLC*,
  2006 U.S. Dist. LEXIS 99484 (N.D. Cal. Dec. 4, 2006) ...................................... 2

*Californians for Disability Rights v. Cal. DOT*,
  2010 U.S. Dist. LEXIS 141030 (N.D. Cal. Dec. 13, 2010) ................................... 9

*Cruz v. Starbucks Corp.*,
  2013 U.S. Dist. LEXIS 79231 (N.D. Cal. June 5, 2013) ..................................... 18

*Davis v. Mason Cnty.*,
  927 F.2d 1473 (9th Cir. 1991) .............................................................................. 9

*Dropbox, Inc. v. Thru Inc.*,
  2017 U.S. Dist. LEXIS 33325 (N.D. Cal. Mar. 8, 2017) ..................................... 10

*Farrar v. Hobby*,
  506 U.S. 103 (1992) ......................................................................................... 6, 7

*Fischer v. SJB—P.D., Inc.*,
  214 F.3d 1115 (9th Cir. 2000) .............................................................................. 7

*Fortson v. Marriott Int'l, Inc.*,
  2013 U.S. Dist. LEXIS 62496 (N.D. Cal. May 1, 2013) ..................................... 10

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992) .............................................................................. 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ...................................................................................... 8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).................................................................................................. 7, 8

*In re High Tech Employee Antitrust Litigation*,
    2015 U.S. Dist. LEXIS 118052 (N.D. Cal. Sep. 2, 2015) .................................... 10

*Jankey v. Poop Deck*,
    537 F.3d 1122 (9th Cir. 2008) ................................................................................ 7

*Jordan v. Multnomah County*,
    815 F.2d 1258 (9th Cir. 1987) .............................................................................. 16

*Koire v. Metro Car Wash*,
    40 Cal. 3d 24 (1985) .............................................................................................. 17

*Laffey v. Northwest Airlines, Inc.*,
    572 F. Supp. 354 (D.D.C. 1983) ........................................................................... 14

*Laffey v. Northwest Airlines, Inc.*,
    746 F.2d 4, 241 U.S. App. D.C. 11 (D.C. Cir. 1984) ......................................... 14

*Lovell v. Chandler*,
    303 F.3d 1039 (9th Cir. 2002) ................................................................................ 8

*McGrath v. Cnty. of Nevada*,
    67 F.3d 248 (9th Cir. 1995) .................................................................................... 8

*Moralez v. Claim Jumper Acquisition Co. LLC*,
    U.S. Dist. LEXIS 98025 (N.D. Cal. June 11, 2019) ............................................. 9

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) .............................................................................. 11

*Overbo v. Loews Cal. Theatres, Inc.*,
    2010 U.S. Dist. LEXIS 145737 (N.D. Cal. Sep. 7, 2010) .................................. 18

*Prison Legal News v. Schwarzenegger*,
    608 F.3d 446 (9th Cir. 2010) ................................................................................ 10

*Richard S. v. Dep't of Developmental Servs. of Cal.*,
    317 F.3d 1080 (9th Cir. 2003) ................................................................................ 7

*Robins v. Scholastic Book Fairs*,
    928 F. Supp. 1027 (D. Or. 1996) ........................................................................... 8

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECOVERY OF HIS ATTORNEY'S FEES,
COSTS, AND LITIGATION EXPENSES

*Rodgers v. Claim Jumper Rest., LLC*,
   2015 U.S. Dist. LEXIS 54164 (N.D. Cal. Apr. 24, 2015) ............................... 9, 18

*Rodriguez v. Barrita*,
   53 F. Supp. 3d 1268 (N.D. Cal. 2014) ................................................................ 10

*Seldon v. 7-Eleven Inc.*,
   2016 U.S. Dist. LEXIS 86898 (N.D. Cal. July 5, 2016) ...................................... 18

*Trujillo v. Singh*,
   2017 U.S. Dist. LEXIS 70092 (E.D. Cal. May 8, 2017) ...................................... 14

*United Steelworkers of America v. Phelps Dodge Corp.*,
   896 F.2d 403 (9th Cir. 1990) ................................................................................ 9

*Wilson v. Red Robin Int'l, Inc.*,
   2018 U.S. Dist. LEXIS 195377 (N.D. Cal. Nov. 14, 2018) .................................. 9

**Statutes**

42 U.S.C. § 1988 ........................................................................................................ 8

42 U.S.C. § 12205 ................................................................................................. 7, 18

Americans with Disabilities Act ......................................................................... *passim*

Cal. Civ. Code § 51 .................................................................................................... 2

Cal. Civ. Code § 52(a) ...................................................................................... 2, 7, 17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Other Authorities**

Fed. Rules of Civ. Procedure Rule 68.............................................................................. 3, 4

General Order 56.......................................................................... 2, 5, 12, 13, 18

Local Rule 54-5................................................................................................. 5

*Guidelines for Professional Conduct*.............................................................. 5

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on March 19, 2020 at 10:00 a.m., or as soon thereafter as the matter can be heard before Magistrate Judge Thomas H. Hixson, in the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom G on the 15th Floor, plaintiff, Gerardo Hernandez ("Hernandez"), will move the court for an Order awarding his attorney's fees, costs, and litigation expenses in the amount of $31,129.98, together with additional fees that may be incurred defending this motion and appearing at the hearing, against defendants, Spring Charter Inc. dba Valley Market & Gas and Satnam LLC ("Defendants") as the prevailing party in this action.

Specifically, Defendants violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), and related California law, by denying Hernandez the full and equal enjoyment and use of the Valley Market & Gas station in Redwood City, California. Hernandez obtained injunctive relief under state and federal disability access laws via settlement requiring Defendants to remove all barriers to his access at the gas station, and pay him minimum statutory damages. Under the ADA and California law, Hernandez is entitled to recover his attorney's fees, costs, and litigation expenses as the prevailing party in this action. After settlement, the parties dismissed the action, and the Court retained jurisdiction for purposes of adjudicating Hernandez's claim for his attorney's fees and costs.

This motion is based upon this Notice; the Memorandum of Points and Authorities; Declarations of Attorney Tanya E. Moore and Paralegal Whitney Law; the [Proposed] Order; the documents and records on file in this action; and upon any other information and argument as may be presented to the Court and/or the Court deems appropriate for consideration.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.     Introduction and Procedural History.

3

Plaintiff, Gerardo Hernandez ("Hernandez"), is substantially limited in his ability to

4

walk and must use a wheelchair for mobility. In March 2019, Hernandez visited Valley Market

5

& Gas ("the Gas Station") on Spring Street in Redwood City, California, which is owned and

6

operated by defendants, Spring Charter Inc. dba Valley Market & Gas and Satnam LLC

7

("Defendants"). Hernandez encountered three conditions that interfered with his full and equal

8

access on account of his disabilities during his visit to the Gas Station: (1) the aisles inside the

9

store lacked sufficient clear width, causing him difficulty in maneuvering around the store,

10

particularly in front of the beverage refrigerator; (2) the restroom doorway was not wide

11

enough for his wheelchair to fit through and there was a large step at the entrance that he could

12

not ascend; and (3) even had he been able to enter the restroom, there were no grab bars at the

13

toilet so he would have been unable to use it. (Compl., ¶ 10(a)-(c).)

14

As a result of these discriminatory conditions, Hernandez brought this action against

15

Defendants. By his action, Hernandez sought an injunction requiring Defendants to make the

16

Gas Station fully accessible to him as required by Title III of the Americans with Disabilities

17

Act, 42 U.S.C. § 12181, et seq., which governs access to public accommodations, as well as is

18

required by the California Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. ("Unruh Act"),

19

which requires California businesses to comply with state access requirements, and for which a

20

violation of the ADA is an automatic violation of the Unruh Act. Cal. Civ Code § 51(f).

21

Hernandez also sought a mere $4,000 in minimum statutory damages from Defendants under

22

the Unruh Act. Cal. Civ. Code § 52(a). This civil rights action was about access, not monetary

23

gain.

24

As an ADA access action, this matter was procedurally governed by this district's

25

General Order 56, which stays the action save for the exchange of initial disclosures, but

26

mandates that the parties conduct a joint site inspection of the subject property, in-person meet

27

and confer, and mediation prior to proceeding with litigation. The matter was resolved in late

28

2019, after the joint site inspection and in-person meet and confer, but before mediation.

In the settlement, Defendants agreed to pay $4,000 in statutory minimum damages due to Hernandez for their violation of the ADA, as well as remediate not only those conditions identified in the Complaint, but other conditions that were subsequently identified, violate the ADA and/or California's access requirements, and would impede Hernandez's future access to the Gas Station. (Declaration of Tanya E. Moore filed herewith ("Moore Decl."), Exh. A (Settlement Agreement between Hernandez and Defendants).) Hernandez and Defendants reserved Hernandez's claim for his attorney's fees, costs, and litigation expenses for a subsequent motion to the Court to be filed within 45 days, over which the Court agreed to retain jurisdiction and set a deadline of January 27, 2020, which was later extended to February 10, 2020 upon the parties' stipulation given ongoing settlement discussions. (Dkt. 20 and 22.)

Having received all the relief to which he is entitled, Hernandez fully prevailed on all his claims. As the prevailing party, Hernandez's motion to recover his fees, costs, and litigation expenses is now timely before the Court.

## II.   History of Settlement Discussions Prior to Settlement of Injunctive Relief and Damages.

### A.    Hernandez offered to settle even before Defendants appeared in this action.

Initially, Hernandez's counsel was contacted by Defendants, who were unrepresented, but indicated that they were interested in making accessibility improvements to the Gas Station by addressing the items Hernandez personally encountered. (Moore Decl., ¶ 17.) To this end, Hernandez immediately responded by offering, on April 11, 2019, a settlement consisting of removal of the barriers identified in his Complaint, plus the $4,000 in minimum statutory damages and $5,750 representing the fees and costs he had thus far incurred. (Moore Decl., ¶ 18.) Defendants declined to make a counter-offer at that time, advising that they would be retaining an attorney. (Moore Decl., ¶ 18.)

### B.    Hernandez offered to settle prior to the joint site inspection.

After Defendants had retained counsel, they served a Fed. Rules of Civ. Procedure Rule 68 Offer of Judgment on June 28, 2019 which included as injunctive relief removal of the

barriers identified by Hernandez's Complaint, in addition to $1,001 in damages, and Hernandez's reasonable attorney's fees and costs as determined by the Court. (Moore Decl., ¶ 19.) Hernandez agreed at that point to settle based on the limited injunctive relief Defendants were offering, and reached out on July 18, 2019 with a proposed formal settlement agreement as it was his hope that all of his claims, including attorney's fees and costs, could be resolved at that time. (Moore Decl., ¶ 20.) However, these negotiations did not result in a settlement and the parties proceeded with the Court-mandated joint site inspection of the Gas Station on July 26, 2019. (Moore Decl., ¶ 20.)

### C.    Hernandez offered to settle before the in-person meet and confer.

At the joint site inspection, additional barriers to Hernandez's access were identified at the Gas Station; additionally, Hernandez's consultant found that the barriers identified in the Complaint, which Defendants had previously claimed were fixed, remained including lack of clear width of the aisles, lack of sufficient clear space at the beverage refrigerator, and many issues relating to the newly-installed designated accessible restroom and lavatory. (Moore Decl., ¶ 21.) On September 19, 2019, after receiving his consultant's written findings, Hernandez provided defense counsel with a list of 34 identified barriers to his access, as well as an updated draft settlement agreement providing for removal of all such barriers. (Moore Decl., ¶ 22.)

On September 26, 2019, Defendants served a second Rule 68 Offer of Judgment, which was vaguely worded and addressed approximately two-thirds of the barriers identified by Hernandez's consultant, notably excluding those relating to accessible parking and exterior routes of travel. (Moore Decl., ¶ 23.) After some weeks of negotiation, Defendants ultimately agreed to provide all injunctive relief sought by Hernandez, including accessible parking and exterior routes of travel, with the exception of a few items that Defendants represented were not readily achievable and which Hernandez felt were minor enough to waive. (Moore Decl., ¶ 24.)

Once an agreement appeared to have been reached on the injunctive relief on October 17, 2019, Hernandez relayed a monetary demand of $4,000 in minimum statutory damages

1  plus recovery of his $22,000 in attorney's fees and costs; Hernandez also provided at
2  Defendants' request an invoice detailing the fees and costs through that date. (Moore Decl.,
3  ¶ 25.) Defendants made a counter-offer of $7,500. (Moore Decl., ¶ 26.) With the parties unable
4  to come to an agreement on the monetary component of settlement, they attended the
5  mandatory in-person meet and confer as required by General Order 56 on October 18, 2019.
6  (Moore Decl., ¶ 26.) At the meet and confer, Defendants refused to consider any monetary
7  settlement above $7,000. (Moore Decl., ¶ 26.)

8          **D.      Final settlement.**

9          On November 8, 2019, having reached a stalemate concerning his claim for attorney's
10 fees and costs, Hernandez offered a settlement based on the injunctive relief that had been
11 previously agreed to, $4,000 in minimum statutory damages, and reserving the issue of fees
12 and costs for a later motion to the Court. (Moore Decl., ¶ 27.) Defendants accepted this
13 proposal, and it was memorialized in a settlement agreement. (Moore Decl., ¶ , Exh. A.) Again,
14 the settlement agreement included virtually all the injunctive relief Hernandez had sought, and
15 resulted in the Gas Station being made fully accessible to him.

16

17 **III.    Subsequent Settlement Discussions re: Fees and Costs**

18         Hernandez has complied with Local Rule 54-5 and this district's Guidelines for
19 Professional Conduct which require the parties to work to avoid the need for a fees motion.
20 Hernandez's counsel reached out to defense on December 12, 2019 with an updated invoice
21 including all fees and costs incurred up to that point, along with an offer to discount fees by
22 20% in hopes of settling the fees and costs claim without the need to bring a motion. (Moore
23 Decl., ¶ 28.)

24         Having received no response to the offer, Hernandez's counsel again reached out on
25 January 17, 2020 advising that preparation of the fees motion would be commencing and again
26 inviting Defendants to identify any of the line items from Hernandez's invoice that they found
27 to be unreasonable so that the parties could meet and confer on the subject. (Moore Decl.,
28 ¶ 29.) Thereafter, in order to meet the January 27, 2020 original deadline for filing of the fees

1    motion, Hernandez's counsel began preparing it. (Moore Decl., ¶ 30.) Finally, on the last

2    business day before the motion was due, Friday, January 24, 2020, Defendants provided a list

3    of the time entries from Hernandez's invoice which they disputed; they also suggested that

4    Hernandez's costs should be reduced to $1,000, although they did not identify any particular

5    costs from the invoice that they found unreasonable. (Moore Decl., ¶ 31.) Given the late receipt

6    of Defendants' response, the parties stipulated to a two-week continuance of the motion

7    deadline in order to allow more time to try to resolve the matter. (Dkt. 21.) During this time,

8    Hernandez responded to each of the disputed time entries and offered to significantly

9    compromise his fees claim in order to reach a settlement, ultimately offering to reduce fees by

10    over 40%, which offer expired without response. (Moore Decl., ¶ 32.) As a result, despite

11    Hernandez's best efforts to resolve his claim short of bringing a motion, Hernandez was

12    required to prepare his motion for attorney's fees and costs which, as set forth below, caused

13    him to incur additional fees.

14           It was never the objective of this lawsuit to incur excessive attorney's fees. Rather,

15    Hernandez's goal was to achieve full and equal access to the Gas Station, a goal which he

16    laudably achieved. However, because of the steadfast refusal of Defendants to meaningfully

17    negotiate, Hernandez was ultimately forced to bring this motion in order to recover the fees

18    and costs to which he is legally entitled.

19

20    **IV.    Hernandez is the prevailing party and entitled to recover his fees and costs.**

21           **A.    Prevailing party status.**

22           Under the test articulated by the Supreme Court, "a plaintiff 'prevails' when actual

23    relief on the merits of his claim materially alters the legal relationship between the parties by

24    modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v.*

25    *Hobby*, 506 U.S. 103, 111-12 (1992). The Court explained that "a material alteration of the

26    legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent

27    decree, or settlement against the defendant." *Id.* at 113. In these situations, the legal

28    relationship is altered because the plaintiff can force the defendant to do something he

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECOVERY OF HIS ATTORNEY'S FEES,
COSTS, AND LITIGATION EXPENSES

otherwise would not have to do. *Id,; see also Fischer v. SJB—P.D., Inc*., 214 F.3d 1115, 1119 (9th Cir. 2000) (finding the plaintiff to be a prevailing party following a settlement agreement which contained an equitable relief provision for his ADA claim).

Further, this Court retained jurisdiction to adjudicate Hernandez's claim for attorney's fees and costs (Dkt. 20), further confirming the judicial imprimatur necessary to confer prevailing party status. *Richard S. v. Dep't of Developmental Servs. of Cal*., 317 F.3d 1080, 1088 (9th Cir. 2003) ("Through [the parties'] legally enforceable settlement agreement and the district court's retention of jurisdiction [to resolve the issue of fees and costs], plaintiffs obtained a judicial imprimatur that alters the legal relationship of the parties") (internal quotation marks omitted); *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134, n.5 (9th Cir. 2002) (finding that "the parties, in their settlement, agreed that the district court would retain jurisdiction over the issue of attorney's fees, thus providing sufficient judicial oversight to justify an award of attorney's fees and costs").

As set forth above, the settlement agreement affords Hernandez *all* the injunctive relief he sought in his complaint, and $4,000 in statutory damages. (Moore Decl., Exh. A.) There can be no doubt that Hernandez is therefore the prevailing party.

**B.    The ADA and California law both provide for recovery of fees and costs, and the ADA additionally provides for the recovery of litigation expenses.**

Under the ADA, attorney fees are recoverable to a prevailing party. 42 U.S.C. § 12205. Because Congress passed the ADA in part to "ensure effective access to the judicial process for persons with civil rights grievances," the recovery of attorney's fees "is the rule rather than the exception." *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983); *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008) (internal quotation marks and citation omitted). Additionally, any person found in violation of the Unruh Act "is liable for . . . any [attorneys'] fees that may be determined by the court . . . ." Cal. Civ. Code § 52(a).

In section 12205 of the ADA, Congress also authorized a district court, in its discretion, to allow a prevailing party its litigation expenses and costs. 42 U.S.C. § 12205. The legislative history of the ADA also supports a finding that "litigation expenses" include costs "such as

1    expert witness fees, travel expenses, and the preparation of exhibits." *Lovell v. Chandler*, 303

2    F.3d 1039, 1058 (9th Cir. 2002) (citations omitted) ("According to committee reports,

3    Congress included the term 'litigation expenses' [in section 12205] in order to authorize a

4    court to shift costs such as expert witness fees, travel expenses, and the preparation of

5    exhibits.").

6        "Litigation expenses" under section 12205 include the same out-of-pocket expenses

7    that are recoverable under 42 U.S.C. § 1988. *Robins v. Scholastic Book Fairs*, 928 F. Supp.

8    1027, 1034-35 (D. Or. 1996). Section 1988 allows recovery of out-of-pocket expenses that

9    "would normally be charged to a fee-paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th

10   Cir. 1994) ("Thus reasonable expenses, though greater than taxable costs, may be proper.").

11       Accordingly, Hernandez is entitled to his fees, costs, and litigation expenses as the

12   prevailing party here.

13

14   **V.    Attorney's fees are determined using the reasonable hourly billing rate multiplied**
15   **by the reasonable number of hours expended.**

16       Once the prevailing party is identified, the Ninth Circuit has adopted the "lodestar"

17   method for calculating that party's attorney's fees. The lodestar method multiples the number

18   of hours reasonably spent in the litigation by the attorney's reasonable hourly rate. *McGrath v.*

19   *Cnty. Of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424,

20   433 (1983)). In *Hensley,* the Supreme Court stated that the lodestar is the "presumptively

21   reasonable fee amount" and that the Court can adjust upward or downward by a multiplier in

22   "rare" or "exceptional" cases only. *Hensley*, 461 U.S. at 433. This case presents no such rare or

23   exceptional circumstances, and thus Hernandez seeks an award of fees based on the lodestar

24   calculation.

25   **A.    Reasonable hourly billing rate of attorney and paralegals.**

26       In order to determine the reasonableness of hourly rates claimed, the court looks to the

27   prevailing market rates in the relevant legal community. *Blum v. Stenson,* 465 U.S. 886, 895

28   (1984). In general, courts utilize the rates of attorneys practicing in the forum district, here, the

Northern District of California. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *Davis v. Mason Cnty.,* 927 F.2d 1473, 1488 (9th Cir. 1991). Rate determinations in similar cases are satisfactory evidence of the prevailing market rate, especially those setting a rate for the prevailing party's attorney. *United Steelworkers of America v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990).

> **B.  Rates previously awarded to Hernandez's attorney and staff in this district.**

Attorney Tanya Moore was recently awarded a $475 hourly rate in *Wilson v. Red Robin Int'l, Inc.*, No. 17-cv-00685-BLF, 2018 U.S. Dist. LEXIS 195377, at *8 (N.D. Cal. Nov. 14, 2018); and *Moralez v. Claim Jumper Acquisition Co. LLC*, No. 3:18-cv-01410-JD, 2019 U.S. Dist. LEXIS 98025, at *3 (N.D. Cal. June 11, 2019). Similarly, in this district paralegal Whitney Law has been awarded an hourly rate of $150, and paralegal David Guthrie has been awarded an hourly rate of $120. *Wilson v. Red Robin Int'l, Inc.*, 2018 U.S. Dist. LEXIS 195377, at *6-9; *Moralez v. Claim Jumper Acquisition Co. LLC*, 2019 U.S. Dist. LEXIS 98025, at *3. These same rates were billed by Hernandez's counsel in this matter and are requested here.

The rates requested by all the timekeepers here are well within the rates set by the Northern District for attorneys and paralegals of comparable experience in ADA cases. In 2015, this district awarded fees at the rate of $525 per hour to an attorney with less than 20 years' experience, and only eight years' experience in ADA cases. *Rodgers v. Claim Jumper Rest., LLC*, No. 13-cv-5496-YGR, 2015 U.S. Dist. LEXIS 54164, at *16 (N.D. Cal. Apr. 24, 2015). By contrast, attorney Moore has practiced law for over 18 years, devoting more than ten years to ADA matters. (Moore Decl., ¶ 6.)

Many other ADA cases have also held that rates similar to those requested here are reasonable in this District. See *Armstrong v. Brown*, 805 F. Supp. 2d 918, 920-922 (N.D. Cal. 2011) (fees awarded in 2011 ADA matter ranging from $490-$560 per hour to attorneys with 14 years' experience or less); *Californians for Disability Rights v. Cal. DOT*, No. C 06-05125 SBA (MEJ), 2010 U.S. Dist. LEXIS 141030, at *39 (N.D. Cal. Dec. 13, 2010) (fees awarded in 2010 ADA matter ranging from $500-$730 per hour for attorneys with 6-25 years'

experience); *Rodriguez v. Barrita*, 53 F. Supp. 3d 1268, 1279 (N.D. Cal. 2014) (fees awarded in 2014 ADA matter of $450 an hour to attorney with 13 years' experience); *Fortson v. Marriott Int'l, Inc.*, No. CV 11-01454 LB, 2013 U.S. Dist. LEXIS 62496, at *14-17 (N.D. Cal. May 1, 2013) (fees awarded in 2013 ADA matter of $450 per hour for two attorneys with 12 and 14 years' experience).

Similarly, a review of the cases filed in this district shows that the paralegal rates requested are well within the range allowed for other paralegals with comparable experience. *See Rodriguez v. Barrita*, 53 F. Supp. 3d at 1279 (fees awarded in 2014 ADA matter of $175 an hour for paralegal with "over a decade" of experience, and fees of $135 per hour for a fellow paralegal "with far less experience" than the paralegal who received $175 per hour); *Blackwell v. Foley,* 724 F. Supp. 2d 1068, 1085 (N.D. Cal. 2010) (fees awarded in 2010 ADA matter of $165 an hour for paralegal with five years' experience); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 456 (9th Cir. 2010) ($190 per hour for paralegal); *Dropbox, Inc. v. Thru Inc.*, No. 15-cv-01741-EMC, 2017 U.S. Dist. LEXIS 33325, at *11-14 (N.D. Cal. Mar. 8, 2017) ($275 per hour for paralegal); *In re High Tech Employee Antitrust Litigation,* No. 11-CV-02509-LHK, 2015 U.S. Dist. LEXIS 118052, at *33 (N.D. Cal. Sep. 2, 2015) ($190-$430 for paralegals and support staff); *Banas v. Volcano Corp.*, 47 F. Supp. 3d. 957, 965-66 (N.D. Cal. 2014) ($245-$290 per hour of paralegals). Paralegal Whitney Law has over ten years of experience, with seven of those years spent specializing in disability access cases. (Declaration of Whitney Law, ¶ 2.) And, paralegal David Guthrie, who has retired since working on this case in its early stages, spent six years working for Hernandez's counsel as a paralegal specializing in disability access prior to his retirement. (Moore Decl., ¶ 11.) The requested rates for paralegal time in this matter are at or below what this district has awarded to paralegals with far less experience.

## C.    Reasonable number of hours expended on this matter.

Not only are Hernandez's attorney and paralegals' rates fully consistent within their market, but they should expect to receive full compensation. Both state and federal law urge full and substantial compensation for advocates of disability rights:

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECOVERY OF HIS ATTORNEY'S FEES,
COSTS, AND LITIGATION EXPENSES

> Per statutory provisions by the United States Congress and the California Legislature to ensure that there are attorneys willing to perform the important function of securing the rights of disabled persons to "full participation in the social and economic life of the state" and to "full and equal access," it is necessary to provide substantial compensation for this work. Encouraging competent attorneys to handle ADA Title III cases is necessary for effective enforcement.

*Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010).

Disability rights attorneys, whose compensation depends *solely* on their client prevailing, should be accorded deference in determining how much time is necessary to achieve victory. As the Ninth Circuit points out:

> It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (emphasis added).

Attached to the Declaration of attorney Tanya E. Moore is the firm's billing inventory, which contains the contemporaneous billing records of the timekeepers. Time is billed in minimum increments of one-tenth of an hour (.1) and is rounded up to the nearest tenth of an hour. (Moore Decl., ¶ 3.) Following are the hours incurred to date by each timekeeper:

| | |
|---|---|
| Attorney Tanya E. Moore | 49.5 hours |
| Paralegal Whitney Law | 26.7 hours |
| Paralegal David Guthrie | 2.6 hours |

And, the below chart summarizes the tasks performed by each timekeeper and the amount of time spent:

| Task | Moore | Law | Guthrie | Total Hours |
|---|---|---|---|---|
| **Complaint Preparation and Service of Process** (client communications; investigation of the Gas Station | 3.7 | 2.4 | 2.6 | 8.7 |

| Task | Moore | Law | Guthrie | Total Hours |
|------|-------|-----|---------|-------------|
| to confirm client claims of barriers encountered; drafting complaint; research to ensure proper parties are named in the complaint; consent to magistrate; deadlines; service of process; reviewing answer) | | | | |
| **Reviewing ECF Filed Documents** (reviewing documents issued by Court; filed by Defendants (answers, etc.); and Plaintiff (to ensure proper documents filed by staff correctly) | 1 | .1 | | 1.1 |
| **Early Settlement Discussions and Plaintiff's Settlement Proposal of April 11, 2019** (Communications with pro per defendant; preparing and revising settlement documents) | 1 | .7 | | 1.7 |
| **Communications with Client re Letter from the Opposing Counsel Requesting Dismissal and Threatening Sanctions, Multiple Settlement Proposals and Counters** (Re status, settlement, offers, agreements, etc.) | 6.0 | .4 | | 6.4 |
| **Correspondence from the Opposing Counsel re Dismissal and Motion for Sanctions and Preparation of a Response** | .5 | .5 | | 1.0 |
| **Initial Disclosures** (Obtaining information for preparation; drafting; obtaining and reviewing Defendants' disclosures; meet and confer with opposing counsel re deficiency of defense initial disclosures and negotiations re same in order to avoid a motion to compel) | 3.5 | .2 | | 3.7 |
| **General Order 56 Mandatory Site Inspection of** | 6.2 | .6 | | 6.8 |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECOVERY OF HIS ATTORNEY'S FEES, COSTS, AND LITIGATION EXPENSES

| Task | Moore | Law | Guthrie | Total Hours |
|---|---|---|---|---|
| **7/26/2019** (Scheduling; communications with the opposing counsel re same; stipulation re continuance of the due date; travel; attendance) **and Plaintiff's Settlement Proposals of 7/18/2019 Prior to Site Inspection** (Communications with defense counsel; July 18, 2019 settlement agreement preparation and revisions) | | | | |
| **Further Settlement Discussions and Plaintiff's Settlement Proposal of September 19, 2019** (Multiple communications with the opposing counsel re: settlement and negotiations re: injunctive relief) | 2.4 | 2.5 | | 4.9 |
| **General Order 56 Preparation for Mandatory Meet and Confer** (Scheduling; travel; attendance; review Plaintiff's consultant's written findings; subsequent communications of barriers identified; stipulations re continuance per opposing counsel's request; correspondence with the opposing counsel re injunctive and re revisions to the settlement agreement; revisions to the settlement agreement in order to include injunctive relief identified at the mandatory site inspection; multiple correspondence with the opposing counsel) | 7.8 | .1 | | 7.9 |
| **General Order 56 Mediation/Settlement** (Notice of Need for Mediation; scheduling; extensive pre-mediation written and telephonic communications with mediator and defense; pre-mediation settlement discussions) | .5 | .2 | | .2 |
| **Final Settlement of Injunctive Relief and Damages** (Offer of Judgment and counterproposal by Plaintiff incorporating the offer and revisions to the settlement agreement which was finalized on 11/14/2019 to address a fee motion and preparation of a stipulation) | 1.4 | 1.3 | | 2.7 |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECOVERY OF HIS ATTORNEY'S FEES, COSTS, AND LITIGATION EXPENSES

| Task | Moore | Law | Guthrie | Total Hours |
|------|-------|-----|---------|-------------|
|  |  |  |  |  |
| **Fees Motion and attempts to settle without need to bring Fees Motion** | 15.5 | 17.7 | | 33.2 |

### D.    Laffey Matrix.

A widely recognized compilation of attorney and paralegal rate data is the Laffey Matrix ("the Matrix"), so named because of the case that generated the index. In *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4, 241 U.S. App. D.C. 11 (D.C. Cir. 1984), the court employed a variety of hourly billing rates to account for the various attorneys' different levels of experience. The Matrix has been regularly prepared and updated by the Civil Division of the United States Attorney's Office for the District of Columbia and used in fee shifting cases, among others. A copy of the Matrix is attached to the Declaration of Tanya E. Moore as Exhibit H, downloaded from  https://www.justice.gov/usao-dc/page/file/1189846/download (last visited January 30, 2020).

Because the Matrix is considered very reliable in the Washington, D.C. area, it follows that if an appropriate and rational adjustment can be made for the San Jose, California area, that the Matrix provides an excellent objective foundation. This logical analysis involving the Matrix was approved of by the Eastern District of California (applying an adjustment based on the difference between Washington, D.C. and Fresno-area rates) in *Trujillo v. Singh*, No. 1:16-cv-01640-LJO-EPG, 2017 U.S. Dist. LEXIS 70092, at *3-8 (E.D. Cal. May 8, 2017).

That rational adjustment can be found in the Federal Government's Bureau of Labor Statistics' publication of wage estimates for *private* lawyers and paralegals in the Washington, D.C./Arlington/Alexandria ("Washington, D.C.") area compared to those in the San Jose/Sunnyvale/Santa        Clara        ("San        Jose")        area,        found        at https://www.bls.gov/oes/current/oessrcma.htm (last visited February 10, 2020) ("BLS data").

1    The published wages are for private attorneys and paralegals, and provide a mean hourly wage

2    of what each are paid (i.e., without regard for the number of years in practice). It is reasonable

3    to presume that the mean hourly rates charged by firms to their clients bear a direct relationship

4    to the hourly rates earned by the billers. Therefore, the percentage difference in the mean

5    amounts paid to attorneys and paralegals in the Washington, D.C. and San Jose areas are a

6    constant that can be applied to the Matrix prevailing rates proportionately.

7        The BLS data reflects the following mean hourly rate earned by attorneys in

8    Washington, D.C. and San Jose:

9        | Washington, D.C. Area | San Jose Area | Percentage Increase for San Jose |

10       | $ 86.53 | $ 99.98 | 15.5 % |

11        Similarly, the BLS reports the following mean hourly rates for paralegals in

12    Washington, D.C. and San Jose:

13        | Washington, D.C. Area | San Jose Area | Percentage Increase for San Jose |

14       | $ 33.09 | $ 41.65 | 25.9 % |

15        The Matrix provides that prevailing hourly rates for an attorney with 16 to 20 years of

16    experience, such as attorney Tanya Moore, in 2019-2020 is $566. The Matrix additionally

17    provides that the hourly rate of paralegals is $173 (no adjustment is, unfortunately, made for

18    years of paralegal experience).

19        Adjusting for the San Jose area yields the following results:

20       | Laffey Matrix 16-20-year Attorney | 15.5% Increase | Adjusted Hourly Rate |

21       | $ 566 | $ 87.73 | $ 653.73 |

22       | Laffey Matrix Paralegal | 25.9% Increase | Adjusted Hourly Rate |

23       | $ 173 | $ 44.81 | $ 217.81 |

24        The Laffey rates are substantially higher than the hourly rates sought by Hernandez's

25    counsel here, and of course do not take into account prevailing rates for the type of work

26    performed. However, the Laffey rates provide objective evidence of reasonable hourly rates for

27    all attorneys in the San Jose area with the same range of experience, and when considered in

28    tandem with the hourly rates awarded by this district for ADA attorneys, fully support the rates

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECOVERY OF HIS ATTORNEY'S FEES,
COSTS, AND LITIGATION EXPENSES

Hernandez's counsel seeks here.

### E.    Hensley factors.

There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986)). However, in calculating the fee request, there are 12 factors that may be considered. *Hensley,* 461 U.S. 429-30.

1.    <u>Time and Labor Required</u>. The time inventory submitted with the declaration of attorney Moore accurately sets forth the time and labor required.

2.    <u>Novelty and Difficulty of Issues</u>. The ADA itself and its interaction with California's ever-evolving state law consistently involve new issues and new challenges. Counsel marshaled their resources to obtain an excellent result.

3.    <u>Skill Required to Perform Legal Services</u>. There are very few attorneys who specialize in representing plaintiffs in ADA actions. A successful prosecution of disability access cases requires counsel to have a thorough knowledge of the ADA and all its implementing regulations, as well as parallel California law.

4.    <u>Preclusion of Other Work</u>. The time devoted to this case could not be spent on other cases and matters.

5.    <u>Customary Fee</u>. This has been discussed above.

6.    <u>Fixed or Contingent Fee</u>. As is the case with virtually all civil rights cases, the fees in this case were contingent upon Hernandez prevailing. Had he not prevailed, his attorney would not be able to recover any monies to compensate for the tremendous outlay of time and capital spent in prosecuting this case. (Moore Decl., ¶ 4.)

7.    <u>Time Limitations</u>. No unique time limitations were imposed by either the client or the circumstances.

8.    <u>Amount Involved and Results Obtained.</u> Under the ADA, there are no damages available; the only remedy is injunctive relief. Through his lawsuit, Hernandez will have made the Gas Station accessible to its wheelchair-bound patrons. Hernandez also obtained $4,000 in damages under his Unruh Act claim. Cal. Civ. Code § 52(a).

It is difficult to measure the "damage" caused by a denial of access. Therefore, the California Civil Code establishes a minimum amount that an offending party must pay. "[B]y passing the Unruh Act, the Legislature established that arbitrary sex discrimination by businesses is *per se* injurious. Section 51 provides that all patrons are entitled to *equal* treatment. Section 52 provides for minimum statutory damages of $250 [previous minimum] for *every* violation of Section 51, *regardless* of the plaintiff's actual damages." *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33 (1985) (emphasis in original). The civil penalty is set at $4,000. Access cases simply do not involve large sums of money; however, obtaining the damages and injunctive relief establishes success on Hernandez's part.

By bringing this action, Hernandez vindicated these important civil rights, obtained an enforceable settlement that will require the Gas Station to be accessible to all patrons in wheelchairs, and thus *fully prevailed* in this action and accomplished everything he set out to do.

The Supreme Court in *Hensley* stated that the level of success is important when assessing attorney's fees. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. 424, 435. Hernandez's counsel is not asking for a fee enhancement. His counsel only wants to be awarded a reasonable fee for all hours spent on the matter.

9. <u>Experience and Ability of Attorneys</u>. This is discussed above and in the accompanying declarations.

10. <u>Undesirability of the Case</u>. This case, like many small dollar civil rights cases, is low on desirability. Hernandez does not have the financial resources to finance a lawsuit and must rely on counsel to take his case on a contingent basis. Therefore, his counsel's ability to get paid was fully contingent upon winning, and involved significant risks.

11. <u>Nature and Length of Professional Relationship with Client</u>. Hernandez's counsel simply represents him in the prosecution of his civil rights.

12.     Awards in Similar Cases. This ADA matter, which was procedurally governed by this District's General Order 56, proceeded through joint site inspection and subsequent in-person meet and confer. In *Rodgers v. Claim Jumper Rest., LLC,* No. 13-CV-5496 YGR, 2015 U.S. Dist. LEXIS 54164, at *44 (N.D. Cal. Apr. 24, 2015), this District awarded $86,415.00 in fees (then $10,000 subtracted to offset amounts paid by landlord) and $6,160.00 in litigation expenses where, as here, the case settled prior to the General Order 56 mediation.

The following are additional examples of fees (costs excluded) awarded as a result of fees motions in ADA cases with a voluntary resolution after similar negotiations for injunctive relief and damages, with a reservation of fees for a motion to the court: *Seldon v. 7-Eleven Inc.,* No. 14-cv-1621-PJH, 2016 U.S. Dist. LEXIS 86898, at *34 (N.D. Cal. July 5, 2016) ($81,236.00); *Cruz v. Starbucks Corp.,* No. C-10-01868 JCS, 2013 U.S. Dist. LEXIS 79231, at *31 (N.D. Cal. June 5, 2013) ($145,960.07); *Overbo v. Loews Cal. Theatres, Inc.,* No. C 07-05368 MHP, 2010 U.S. Dist. LEXIS 145737, at *3 (N.D. Cal. Sep. 7, 2010) ($186,059.15). All of these awards are far greater than what Hernandez seeks in this case; in fact, the lowest amount awarded exceeded $80,000. Hernandez's counsel litigated this case efficiently yet successfully, and minimized fees as evinced by the fees incurred by counsel in other very similar actions of similar procedural posture.

## VI.     Costs and litigation expenses incurred.

Following is a table of the costs recoverable under the ADA, 42 U.S.C. § 12205:

| Payee | Description of Services | Expense | Ref. and Exhibit to Moore Decl. |
|---|---|---|---|
| Northern District | Complaint filing fee | $ 400.00 | ¶ 12; Exh. C |
| County Process | Service on Defendants | $ 129.60 | ¶¶ 13-14; Exh. D-E |
| CASp Inspected | GO 56 site inspection | $ 2,590.00 | ¶ 15; Exh. F |
| Robert Ferris Investigations | Pre-filing investigation to confirm and document barriers | $ 180.88 | ¶ 16; Exh. G |
| | **TOTAL :** | **$3,300.48** | |

## VII.     Summary of requested fees and costs.

For the foregoing reasons, Hernandez respectfully requests reimbursement of his attorney's fees of $27,829.50, plus costs of $3,300.48, for a total of $31,129.98. This amount does not yet include fees and costs incurred to defend this motion or appear at the hearing. These amounts are summarized as follows:

| Name | Hours | Rate | Total |
|---|---|---|---|
| Tanya E. Moore, Attorney | 49.5 | $475.00 | $ 23,512.50 |
| Whitney Law, Paralegal | 26.7 | $150.00 | $   4,005.00 |
| David Guthrie, Paralegal | 2.6 | $120.00 | $      312.00 |
| | | Total Fees | $ 27,829.50 |
| | | Costs | $   3,300.48 |
| | | Total | $ 31,129.98 |
| **GRAND TOTAL**<br><br>**(Not including fees and costs incurred to defend this motion or appear at the hearing)** | | | **$ 31,129.98** |

Dated: February 10, 2020                    MOORE LAW FIRM, P.C.


                                            _/s/ Tanya E. Moore_____
                                            Tanya E. Moore
                                            Attorney for Plaintiff,
                                            Gerardo Hernandez