1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  300 South First Street, Suite 342
   San Jose, California 95113
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com

5  Attorney for Plaintiff
   Gerardo Hernandez
6

7

8                   **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO COURTHOUSE**

10

11  GERARDO HERNANDEZ,                    ) No. 3:19-cv-01479-TSH
                                          )
12            Plaintiff,                  ) **DECLARATION OF TANYA E. MOORE**
                                          ) **IN SUPPORT OF PLAINTIFF'S MOTION**
13       vs.                              ) **FOR RECOVERY OF HIS ATTORNEYS'**
                                          ) **FEES, COSTS, AND LITIGATION**
14  SPRING CHARTER INC. dba VALLEY        ) **EXPENSES**
    MARKET & GAS, et al.,                 )
15                                        )
                                          ) Date: March 19, 2020
16            Defendants.                 ) Time: 10:00 a.m.
                                          ) Courtroom: G, 15th Floor
17                                        ) Magistrate Judge Thomas S. Hixson
                                          )
18  _____ )

19

20

21

22

23

24

25

26

27

28

I, Tanya E. Moore, declare as follows:

1.     I am an attorney licensed and admitted to practice law in the State of California and the United States District Court, Northern District of California. I am a member of the Moore Law Firm, P.C., attorney of record for Plaintiff, Gerardo Hernandez ("Hernandez"), in this action. I have personal knowledge of the facts contained herein, and if called as a witness, could and would testify competently thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement between Hernandez and Defendants Spring Charter Inc. dba Valley Market & Gas and Satnam LLC ("Defendants") which sets forth the parties' agreement to injunctive relief, $4,000 in damages to be paid by Defendants to Hernandez, and for the matter of Hernandez's claim for attorney's fees, costs, and litigation expenses to be resolved by way of motion to the Court with Defendants agreeing not to dispute that Hernandez was the prevailing party for said purpose.

3.     This firm uses Clio, which is a legal software management system that includes a time keeping feature. Time is billed in minimum increments of one-tenth of an hour (.1), and is rounded up to the nearest tenth. Time is generally kept contemporaneously by all timekeepers, although there are occasions when time has to be later entered.

4.     Under the Fee Agreement between the law firm and Hernandez, fees and costs are recovered only if Hernandez succeeds in obtaining those from Defendants. Therefore, if Hernandez had not prevailed, the law firm would not be compensated for the fees and costs expended on behalf of Hernandez. Those fees resulted in the subject Gas Station being made accessible to Hernandez, and all persons with mobility impairments, after significant effort was expended by my firm to achieve this outcome.

5.     I specialize in plaintiff's disability representation and have significant expertise in this area of law. I have filed and successfully prosecuted over 1,500 civil rights actions.

6.     I have handled numerous litigation matters through trial (both by court trial and jury), many of which involved complex factual and legal issues. I have been practicing law for over 18 years, of which over ten years have been spent specializing almost exclusively in

disability access litigation. I have successfully tried access litigation lawsuits at trial, as well as obtained summary judgment in favor of my clients in many such actions, and I argued such actions before the Ninth Circuit on three different occasions, and once before the California Sixth District Court of Appeal. I have prevailed on appeal four times on behalf of my clients. For the remainder of the cases, I work very hard to reach an early settlement, and pursue settlement efforts throughout the pendency of the action (even on the eve of trial). Usually settlement can be achieved (although sometimes only after significant litigation), which I believe is in the best interests of all parties because it achieves greater access for all disabled persons, while minimizing the burden on defendants.

7.      Prior to focusing on the disability practice, I was a litigation attorney specializing in municipal code compliance, social security disability, and criminal defense.

8.      My current hourly billable rate is $475, which is on the very low side compared to attorneys of comparable skill and experience in representing persons with disabilities in similar types of legal actions.

9.      I have spent 49.5 hours on this matter. At a billable rate of $475, this results in a total fee of $23,512.50.

10.      I have reviewed the declaration of Paralegal Whitney Law, who works under my supervision, and her time entries as shown on Exhibit B. Based upon my supervision of Ms. Law, I believe the time set forth therein to have been reasonably spent by her on this matter.

11.      Paralegal David Guthrie worked under my supervision for over six years, during which time he met all requirements under California Business & Professions Code § 6450 to qualify as a paralegal under California law, including a certificate of completion from an American Bar Association approved paralegal program and continuing legal education, and worked on this matter in its early stages. Mr. Guthrie retired in 2019 and as such is no longer employed by my firm. Based upon my supervision of Mr. Guthrie, I believe the time entries set forth on Exhibit B to have been reasonably spent by him on this matter.

12.      Attached hereto as Exhibit C is a true and correct copy of the Pay.gov payment confirmation email in this matter reflecting the $400 filing fee paid to file the complaint.

DECL. OF TANYA E. MOORE IN SUPPORT OF PLAINTIFF'S FEES MOTION

13.     Attached hereto as Exhibit D is a true and correct copy of the invoice from County Process Service, Inc. reflecting service of process on Spring Charter, Inc. in the amount of $54.80.

14.     Attached hereto as Exhibit E is a true and correct copy of the invoice from County Process Service, Inc. reflecting service of process on Satnam LLC in the amount of $74.80.

15.     Attached hereto as Exhibit F is a true and correct copy of the invoice from CASp Inspected in the amount of $2,590.00 for the General Order 56 site inspection of the subject Gas Station.

16.     Attached hereto as Exhibit G is a true and correct copy of the invoice from Robert Ferris Investigations in the amount of $180.88 for the pre-filing investigation of the subject Gas Station in order to confirm and document the existence of the barriers alleged by Hernandez.

17.     Within weeks of filing the action, I was contacted by a member of Satnam LLC, Param, who indicated that his wife owned Spring Charter, Inc. I advised Param that he should consult an attorney of his own, but he stated that Defendants were interested in making accessibility improvements to the subject Gas Station by addressing the barriers Hernandez personally encountered and alleged in his Complaint.

18.     To this end, I directed the preparation of a settlement agreement and obtained Hernandez's approval. The agreement provided for removal of the barriers identified in the Complaint, plus $4,000 in damages and reimbursement of $5,750 in attorney's fees and costs. I relayed the offer to Param, but he declined to make a counter-offer, and indicated that he would be retaining an attorney.

19.     After Defendants had retained counsel, they served a Rule 68 Offer of Judgment on my office on June 28, 2019 which included as injunctive relief removal of the barriers identified by Hernandez's Complaint, in addition to $1,001 in damages, and Hernandez's reasonable attorney's fees and costs as determined by the Court.

DECL. OF TANYA E. MOORE IN SUPPORT OF PLAINTIFF'S FEES MOTION

20.    I reached out to defense counsel on July 18, 2019 to discuss the Rule 68 Offer, but was unable to get hold of him until the following week. I also directed the preparation of a second draft settlement agreement providing for the limited injunctive relief offered in Defendants' Rule 68 Offer, and obtained Hernandez's approval of same with the understanding that he would also be seeking $4,000 in damages and recovery of attorney's fees and costs. At my direction, my paralegal provided the draft agreement to defense counsel on July 25, 2019. However, the parties were unable to reach settlement at that time and had to proceed with the Court-mandated joint site inspection pursuant to General Order 56 on July 26, 2019.

21.    At the joint site inspection, additional barriers to Hernandez's access were identified at the Gas Station; additionally, our consultant found that the barriers identified in the Complaint, which Defendants had previously represented had been fixed, remained including lack of clear width of the aisles, lack of sufficient clear space at the beverage refrigerator, and many issues relating to the newly-installed designated accessible restroom and lavatory.

22.    After receiving our consultant's written findings, I directed the preparation of a list of the identified barriers to Hernandez's access, of which there numbered 34, as well as an updated draft settlement agreement providing for removal of all such barriers. Both documents were sent to defense counsel on September 19, 2019.

23.    On September 26, 2019, Defendants served a second Rule 68 Offer of Judgment on my office. This Offer was confusingly worded, and did not make clear what injunctive relief was to be provided. Further, it addressed only approximately two-thirds of the barriers identified by Hernandez's consultant, notably excluding those relating to accessible parking and exterior routes of travel, which were items I had understood Defendants to have already agreed to fix. As such, Hernandez declined to accept it.

24.    After some weeks of negotiation, Defendants ultimately agreed to provide all injunctive relief sought by Hernandez, including providing accessible parking and exterior routes of travel, with the exception of a few items that Defendants represented were not readily achievable and which Hernandez felt were minor enough to waive.

DECL. OF TANYA E. MOORE IN SUPPORT OF PLAINTIFF'S FEES MOTION

25.    As soon as I believed an agreement had been reached on the injunctive relief on October 17, 2019, I promptly obtained Mr. Hernandez's approval for a monetary demand and directed my paralegal to relay his demand of $26,000, consisting of 4,000 in minimum statutory damages in addition to $22,000 in attorney's fees and costs. I also sent defense counsel an itemized invoice detailing the fees and costs sought. Defendants responded with a counter-offer of $7,500, which Hernandez rejected.

26.    The parties then attended the in-person meet and confer as required by General Order 56 on October 18, 2019. At the meet and confer, defense counsel advised me that Defendants would not consider any monetary settlement above $7,000.

27.    After the meet and confer, on November 8, 2019, I wrote defense counsel, proposing that the parties sign an agreement providing for full injunctive relief as previously discussed, as well as $4,000 in minimum statutory damages to Hernandez, and reserving the issue of attorney's fees and costs for later resolution or determination by the Court. Defendants accepted this proposal and I directed the preparation of the agreement that was ultimately signed.

28.    On December 12, 2019, I wrote to defense counsel relaying Hernandez's offer to settle his fees and costs claim with a 20% discount of fees, enclosing an updated invoice detailing the fees and costs that had been incurred through that date.

29.    Having received no response to the settlement offer, I again reached out to defense counsel on January 17, 2020 advising that preparation of the fees motion would be commencing and again inviting Defendants to identify any of the line items from Hernandez's invoice that they found to be unreasonable so that the parties could meet and confer on the subject.

30.    Thereafter, having still received no meaningful response from defense counsel, I had to begin preparation of the fees motion in order to meet the January 27, 2020 filing deadline.

31.    On January 24, 2020, the last business day before Hernandez's fees motion was due, I received a letter from defense counsel which set forth a list of time entries from

1    Hernandez's invoice and Defendants' objections to same. The letter also suggested that costs

2    should be reduced to a flat $1,000, although it did not identify as unreasonable any of the

3    specific cost line items from the invoice. It did not provide a counter-offer.

4          32.    Thereafter, I provided to defense counsel a response to Defendants' list of

5    disputed time entries, responding to each of the objections and offering to waive or deduct much

6    of the disputed time in order to resolve the fees issue. On February 6, 2020, I relayed

7    Hernandez's updated settlement offer, which included a discount of fees by over 40%. That

8    offer expired without response from Defendants, and I thus finalized the fees motion.

9          33.    Attached hereto as Exhibit H is a copy of the Laffey Matrix, downloaded from

10   https://www.justice.gov/usao-dc/page/file/1189846/download (last visited February 10, 2020).

11         I declare under penalty of perjury under the laws of the State of California that the

12   foregoing is true and correct.

13

14   Dated: February 10, 2020              /s/ Tanya E. Moore
                                           Tanya E. Moore
15

16

17

18

19

20

21

22

23

24

25

26

27

28