UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SPRING CHARTER INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01479-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 23 |

## I.　INTRODUCTION

Having settled his disability access claims, Plaintiff Gerardo Hernandez now moves for attorney's fees and costs. ECF No. 23. Defendants Spring Charter, Inc. and Satnam LLC filed an Opposition (ECF No. 25) and Hernandez filed a Reply (ECF No. 29). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 19, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Hernandez's motion for the following reasons.

## II.　BACKGROUND

**A.　Factual Background**

After encountering accessibility issues at Valley Market & Gas[1] in March 2019, Hernandez brought this suit on March 21, 2019, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89 ("ADA") and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 et

---

[1] Valley Market & Gas is located at 2303 Spring Street, Redwood City, California. Compl. ¶ 1.

seq. ("Unruh Act"). Compl., ECF No. 1.

Initially, Hernandez offered a settlement consisting of removal of the barriers identified in his complaint, plus $4,000 in minimum statutory damages and $5,750 representing the fees and costs he had thus far incurred. Moore Decl. ¶ 18, ECF No. 23-1. After Defendants retained counsel, they served a Federal Rule of Civil Procedure 68 Offer of Judgment on June 28, 2019, which included as injunctive relief removal of the barriers identified by Hernandez's complaint, $1,001 in damages, and Hernandez's reasonable attorney's fees and costs as determined by the Court. *Id.* ¶ 19; Preonas Decl. ¶ 3 & Ex. 2, ECF No. 25-1. As part of their offer, Defendants stated they had removed the barriers alleged in Hernandez's complaint and attached pictures to show they widened the aisles, installed an accessible bathroom, modified the threshold for entry and lowered the beverage counter. Preonas Decl. ¶ 3 & Ex. 2. Hernandez agreed to the injunctive relief but sought $4,000 in damages. Moore Decl. ¶ 20; Preonas Decl. ¶ 4. After the parties were unable to reach an agreement, they participated in the General Order 56 joint site inspection on July 26, 2019. Moore Decl. ¶ 20; Preonas Decl. ¶ 5.

At the joint site inspection, Hernandez's consultant found that the barriers identified in the complaint remained and identified additional barriers that were not identified in his complaint. Moore Decl. ¶ 21; Preonas Decl. ¶ 5. On September 19, 2019, Hernandez provided a list of 34 barriers to his access, as well as an updated draft settlement agreement providing for removal of all such barriers. Moore Decl. ¶ 22; Preonas Decl. ¶ 5 & Ex. 3.

On September 26, 2019, Defendants served a second Rule 68 Offer of Judgment that increased the offer of damages to $4,001, as well as reasonable attorney's fees as determined by the Court. Moore Decl. ¶ 23; Preonas Decl. ¶ 6 & Ex. 4. Defendants contend the new offer tracked the list of barriers identified by Hernandez, while Hernandez claims it addressed only two-thirds of the identified barriers and did not make clear what injunctive relief would be provided. *Id.* (both). The parties continued to negotiate, as they were unable to agree on with the amount of attorney's fees – Hernandez sought $22,000 in attorney's fees and costs, while Defendants sought to have the Court determine the amount of reasonable fees. Moore Decl. ¶¶ 24-26; Preonas Decl. ¶¶ 7-9.

In November 2019 the parties agreed to dismiss the case with prejudice, leaving the issue of attorney's fees for the Court's determination. ECF No. 19. The Court dismissed Hernandez's claims with prejudice on December 11, 2019 and retained jurisdiction to hear a fees motion. ECF No. 20. On December 12, 2019, Hernandez's counsel wrote to defense counsel with an offer to settle his fees and costs claim with a 20% discount of fees, enclosing an invoice detailing the fees and costs. Moore Decl. ¶ 28. Defendants responded that his request contained excessive and improper time entries. Preonas Decl. ¶ 11.

**B.      Hernandez's Motion**

Hernandez brought the instant motion on February 10, 2020, seeking attorney's fees for attorney Tanya E. Moore, paralegal Whitney Law, and paralegal David Guthrie. Mot. at 9. In support of his request, Hernandez attaches declarations with billing records for each timekeeper. ECF Nos. 23-1 – 23-3. Hernandez contends that reasonable hourly rates for Moore, Law, and Guthrie are $475, $150, and $120, respectively. Mot. at 9. He contends Moore reasonably spent 49.5 hours on the litigation, Whitney spent 26.7 hours, and Guthrie spent 2.6 hours, resulting in an initial proposed "lodestar" fee as follows:

| Timekeeper | Rate | Hours | Initial Total |
|---|---|---|---|
| Moore | $475 | 49.5 | $23,512.50 |
| Law | $150 | 26.7 | $4,005.00 |
| Guthrie | $120 | 2.6 | $312.00 |
| | | **TOTAL:** | **$27,829.50** |

*Id.* at 19. Hernandez also seeks recovery of 6.1 additional hours of attorney Moore's time ($2,897.50) and 14.1 additional hours of paralegal Law's time ($2,115) spent drafting the reply for the instant motion. Reply at 10. In total, Hernandez seeks recovery of $32,842 in attorney's fees.

In addition, Hernandez seeks an award of $3,300.48 in costs, which are described on an item-by-item basis in Moore's declaration. Those costs consist of Hernandez's filing fee ($400), service of process ($129.60), site inspection fees ($2,590), and investigator fees ($180.88). ECF No. 23-1, Exs. C-G.

3

**C.     Defendants' Opposition**

On February 24, 2020, Defendants filed their opposition, objecting to Hernandez's motion on several grounds:

1. The hourly rate requested by attorney Moore are unjustified and excessive;

2. The hourly paralegal rates requested are unjustified and excessive;

3. The hours expended on preparation and drafting of the complaint were unreasonable, unwarranted and excessive in light of Plaintiff's status as a frequent filer and his long-term relationship with his counsel;

4. The hours spent on routine aspects of ADA litigation, including compliance with General Order 56 are excessive;

5. The post settlement hours spent on attempting to negotiation the fee award and file this Motion are excessive, totaling nearly $10,000;

6. Hours spent on clerical tasks should not be requested or awarded;

7. The motion requests multiple duplicate entries;

8. The hours requested are excessive because this case did not involve new, novel or complex issues, did not include motions, court appearances, mediation or discovery;

9. The request includes block billing, and unclear and improper entries which should not be awarded.

Opp'n at 2.[2]

### III.   LEGAL STANDARD

Hernandez's claim for attorney's fees is made primarily under the ADA, which provides that a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. A prevailing party is one who

---

[2] Defendants also filed objections to certain portions of Tanya Moore's declaration, arguing such evidence improperly discloses privileged settlement communications, improperly states general allegations and legal conclusions, and fails to state evidentiary facts. ECF No. 27. The Court has not considered those portions of Moore's declaration as part of this Order and therefore need not address Defendants' objections.

4

"achieve[s] a material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Jankey v. Poop Deck*, 537 F.3d 1122, 1129-30 (9th Cir. 2008) (quotation marks omitted). A prevailing party on an ADA claim "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

The calculation of a reasonable fee award is a two-step process. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, a court begins by calculating the "lodestar figure," or presumptive award, by multiplying the hours reasonably spent on the litigation by the attorney's reasonable hourly rate. *Id.* (citing *Hensley*, 461 U.S. at 433). Second, the court may enhance or reduce the lodestar figure based on the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), that were not subsumed in the initial lodestar determination. *Id.* "A 'strong presumption' exists that the lodestar figure represents a 'reasonable fee,' and therefore, it should only be enhanced or reduced in 'rare and exceptional cases. *Id.* n.4 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

In addition to permitting recovery of attorney's fees, the ADA permits a district court, in its discretion, to award "litigation expenses" and "costs" to a prevailing party. 42 U.S.C. § 12205. "'Litigation expenses' include reasonable out-of-pocket expenses that would normally be charged to a fees-paying client, such as expert witness fees, certain travel expenses, and the preparation of exhibits." *Kalani v. Starbucks Corp.*, 1016 WL 379623, at *4 (N.D. Cal. Feb. 1, 2016) (citing *Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002)).

## IV. DISCUSSION

### A. Prevailing Party Status

As a preliminary matter, Defendants argue Hernandez "has not won this case on the merits" because the parties "worked together to attempt to reach a resolution" and Defendants agreed to pay his reasonable attorneys' fees "at the outset of the case in multiple Rule 68 Offers." Opp'n at 16. Defendants request the Court "take the fact that this was a settlement and not a 'win' into account and reduce the fees according to this Court's discretion." *Id.* at 17.

"[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the

5

legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Fischer*, 214 F.3d at 1118 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). "[A] material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar*, 506 U.S. at 113. "In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do." *Fischer*, 214 F.3d at 1118.

Here, the settlement agreement requires certain architectural changes to the subject property and payments to Hernandez. As such, the settlement agreement materially altered the legal relationship between the parties: Defendants "[are] required to do something directly benefitting [Hernandez] that they otherwise would not have had to do." *Id.*; *see also Chapman v. NJ Properties Inc.*, 2019 WL 3718585, at *2 (N.D. Cal. Aug. 7, 2019) (plaintiff was the prevailing party where settlement agreement required architectural changes and payments to him); *Yates v. Vishal Corp.*, 2014 WL 572528, at *3 (N.D. Cal. Feb. 4, 2014) ("The Court finds that because Yates achieved injunctive relief through a settlement agreement and was awarded statutory damages under the California Civil Code, Yates is the prevailing party and is entitled to reasonable attorney's fees and costs."). Accordingly, Hernandez is the prevailing party under *Fischer*.

**B.    Reasonableness of Fees Requested**

   **1.    Hourly Rates**

The first step in the determination of a lodestar figure is to determine the reasonable hourly rate to be applied. *Fischer*, 214 F.3d at 1119. To determine the prevailing market rate in the relevant legal community, courts generally look to the rates of attorneys practicing in the forum district (here, the Northern District of California). *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). The applicant bears the burden to produce sufficient evidence that the rates claimed for its attorneys are in line with prevailing market rates. *See Fischer*, 214 F.3d at 1121 (citing *Hensley*, 461 U.S. at 433). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market

6

rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

As noted above, Hernandez claims rates of $475 for attorney Moore, $150 for paralegal Law, and $120 for paralegal Guthrie, with supporting declarations from each timekeeper. Moore specializes in plaintiff's disability representation and has filed and successfully prosecuted over 1,500 civil rights actions. Moore Decl. ¶ 5. She has been practicing law for over 18 years, of which over ten years have been spent specializing almost exclusively in disability access litigation. *Id.* ¶ 6. Law has over ten years of paralegal experience in civil litigation, including seven years specializing in disability access litigation. Law Decl. ¶ 2, ECF No. 23-3. Guthrie worked under Moore's supervision for over six years and worked on this matter in its early stages, before he retired in 2019. Moore Decl. ¶ 11.

All of Hernandez's requested hourly rates are reasonable. As to attorney Moore, other judges in this District have found her hourly rate of $475 is reasonable. *See Moralez v. Claim Jumper Acquisition Co. LLC*, 2019 WL 2437175, at *1 (N.D. Cal. June 11, 2019); *Dytch v. Maxaco, LLC*, 2019 WL 1934879, at *2 (N.D. Cal. May 1, 2019); *Wilson v. Red Robin Int'l, Inc.*, 2018 WL 5982868, at *3 (N.D. Cal. Nov. 14, 2018). Further, her requested rate falls within the range of hourly rates which courts in this District have found reasonable for attorneys of similar experience in the San Francisco Bay Area. *See, e.g., Rodgers v. Claim Jumper Rest., LLC*, 2015 WL 1886708, at *4 (N.D. Cal. Apr. 24, 2015) (hourly rate of $525/hour reasonable for attorney with 20 years of experience, eight of which almost entirely devoted to ADA claims); *Armstrong v. Brown*, 805 F. Supp. 2d 918, 920-22 (N.D. Cal. 2011) (hourly rates of $490-$560 reasonable for attorneys with 14 years of experience or less); *Californians for Disability Rights v. Cal. Dep't of Transp.*, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010) (hourly rates of $570 and $650 reasonable for attorneys with 10 to 18 years of experience). Defendants argue that the Court should not rely on some of these cases because, in those cases, the hourly rate was not contested. Opp'n at 8-9. This, however, is not persuasive because the Court's task is to determine a reasonable rate, regardless of whether the rate is challenged. *See Trujillo v. Orozco*, 2018 WL 1142311, at *3 (N.D. Cal. Mar. 2, 2018), *aff'd*, 790 F. App'x 96 (9th Cir. 2020) ("Whether or not the rate was challenged, the finding was still made that the rate was reasonable.").

As to paralegals Law and Guthrie, other judges in this District have found their hourly rates are reasonable. *See Moralez*, 2019 WL 2437175, at *1; *Dytch*, 2019 WL 1934879, at *2; *Wilson*, 2018 WL 5982868, at *3; *Trujillo*, 2018 WL 1142311, at *3. Their requested rates also fall within the range of hourly rates which courts in this District have found reasonable for paralegals with similar experience in the San Francisco Bay Area. *See, e.g., Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1279 (N.D. Cal. 2014) (hourly rate of $175 reasonable for paralegal who has worked for over a decade and attended some law school classes and hourly rate of $135 reasonable for paralegal with "much less experience"); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1085 (N.D. Cal. 2010) (hourly rate of $165 reasonable for senior paralegal with five years of experience); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 456 (9th Cir. 2010) (hourly rate of up to $190 reasonable).

Accordingly, the Court will award fees according to Hernandez's requested rates.

### 2. Hours Expended

Having determined the reasonable hourly rate to be applied, the Court proceeds to determine the number of hours reasonably expended on the litigation. *Fischer*, 214 F.3d at 1119. Hernandez contends that, in total, his attorney and two paralegals collectively spent nearly 100 hours on this matter. Mot. at 19; Reply 10. As noted above, Defendants challenge the hours expended by Hernandez's counsel on several grounds. They submitted two charts of counsel's time entries (pre-settlement and post-settlement) with objections to specific entries. *See* Preonas Decl. ¶¶ 12-13 and Exs. 5-6.

#### a. Nature of the Case

Defendants first argue that, because this case settled in its early stages, Hernandez's request for nearly 100 hours is excessive. Opp'n at 11-12. The Court agrees. This case had no pre-dismissal motion practice, no court appearances, and minimal discovery. By Hernandez's own description of his counsel's work, the only meaningful events in this case were the initial pleadings, the joint site inspection, settlement activities, and this fees motion. Mot. 11-14. Indeed, the docket in this case is strikingly sparse. Given the high volume of ADA cases which Hernandez's counsel attests she handles and the substantial experience which counsel attests she

8

has, it seems strange that so many hours were needed to litigate this case. *See, e.g.,* Moore Decl. ¶¶ 5-6 (describing experience, including "successfully prosecut[ing] over 1,500 civil rights actions"). Instead, it seems this case could have been handled for a fraction of the hours spent here. *See Trujillo*, 2018 WL 1142311, at *4 (reducing fee request where Moore and her co-counsel sought over $27,000 in fees for ADA case that settled in its early stages with no pre-dismissal motion practice and minimal discovery).

Further, having reviewed the billing entry descriptions and comparing the total number of per-timekeeper hours to their respective tasks, the Court finds these requested hours seem unreasonably inflated. For example, on July 7, 2019, Moore billed one hour for "[r]eviewed correspondence from Mr. Preonas and attention to correspondence with the client re same." Moore Decl., Ex. B. As another example, on July 31, 2019, Moore billed .50 hours for "[i]nstructions to IM Re scheduling of the IN PERSON meet and confer," .30 hours for "[r]eviewed correspondence from Mr. Preonas and instructions to IM re communications with the client re [REDACTED] and preparation of a stipulation," and .50 hours for "[p]hone call with Mr. Preonas, discussed the site inspection, meet and confer date, we will provide the list upon receipt from our consultant." *Id.* Although the Court has no reason to doubt that Moore spent the recorded amount of time on the recorded tasks, it is not reasonable, in an attorney's fees motion, to request such long amounts of time for such discrete tasks. *See Trujillo*, 2018 WL 1142311, at *4 (reducing fee award where, for example, Moore billed .5 hours for reviewing correspondence and .3 hours for reviewing a responsive email).

In such cases, "a global discount, limited and focused on the case's highest billers, is warranted." *Id.* (applying global discount for Moore from 46.5 to 36.5 and Law's from 7.6 to 5.6). Given all this, the Court finds it appropriate to reduce the total number of hours expended in this case. As noted above, Hernandez contends Moore reasonably spent 55.6 hours on the litigation, Law spent 40.8 hours, and Guthrie spent 2.6 hours. The Court will reduce Moore's requested hours by 12 and Law's by 9.

### b. Time Requested After the Parties Settled

Next, Defendants argue the time requested after the parties entered into their settlement

9

agreement is excessive because it accounts for $14,732.50 of the fees request (including Hernandez's reply briefing), yet that time consists of limited negotiations to resolve the remaining attorney's fees issue and time in which counsel "was unreasonably billing, simultaneously for settlement discussions and the preparation of this Motion." Opp'n at 13. Defendants note they stipulated to allow Hernandez additional time to file the motion while negotiations continued, and the reasonable expectation was that counsel would not use this additional time to "pad its bill." *Id.*

Following review of the record, the Court finds a reduction is warranted. Together, Moore and Law spent approximately 25 hours on a straightforward request for fees under well-established precedent. The motion raises no novel points of law. Further, the Court finds these pleadings are strikingly similar to fees motions Moore has filed in other cases in this District. *See Dytch v. Magana*, No. 17-CV-438-SI, ECF No. 102 (3/11/2019); *Trujillo v. Orozco*, No. 17-CV-566-EJD, ECF No. 28 (11/3/2017); *Hernandez v. Lucky Fortune*, No. 16-CV-1775-JCS, ECF No. 86 (11/2/2017); *Crandall v. Starbucks Corp.*, No. 14-CV-5316-HRL, ECF No. 40 (3/28/16). The motion and Moore's declaration appear to have been copied and pasted from these other pleadings, except for the pages describing the case and details regarding the fees requested. This practice of recycling pleadings is not, in and of itself, unacceptable. However, it is unreasonable to seek nearly 25 hours when doing so. *See Trujillo*, 2018 WL 1142311, at *7 (reducing Moore's and co-counsel's hours for fees motion and reply from 32.6 to 12, noting "[t]his was a short and simple case, which warranted nothing more than a short and simple motion for fees. Plaintiff's motion is quite detailed, and the Court appreciates Plaintiff's desire to be thorough. However, simply because Plaintiff took it upon himself to purchase a BMW does not mean that Defendants must pay for it; the law only contemplates a Ford."). Accordingly, the Court will deduct 8 hours from Moore's requested time and 5 hours from Law's requested time for preparation of the motion.

Further, Hernandez seeks an additional 6.1 hours of Moore's time and 14.1 hours of Law's time in connection with reviewing the opposition brief and drafting the reply, yet he provides no breakdown of how those fees were incurred. A certain number of hours is reasonable given the number of discrete challenges raised in Defendants' opposition, but the Court cannot make that

10

determination without a breakdown of how Moore and Law billed over 20 hours combined to prepare a reply brief. The Court will deduct 3 hours of Moore's time and 7 hours of Law's time.

In sum, the Court deducts 11 hours from Moore's time and 12 hours of Law's time for preparation of the motion and reply.

### c. Preparation of Complaint Communications

Defendants argue the motion requests excessive fees for communications between Hernandez and his counsel regarding the preparation of his complaint. Opp'n at 14. They maintain that Hernandez and his counsel have an ongoing relationship and the drafting of the complaint is a word processing exercise. *Id.* They note that "[t]hroughout March 2019 Ms. Law drafted the complaint, yet there are still multiple entries on 3/7, 3/11 and 3/15 for nearly four hours for Ms. Moore to communicate with Plaintiff." *Id.* However, the billing records indicate this time was spent on fact investigation and development, conferring with Hernandez, reviewing his correspondence, researching the defendants, and drafting and revising the complaint, among other things. Moore Decl., Ex. B. The Court cannot conclude that the time spent on these activities was excessive and no reduction is therefore warranted.

### d. Joint Site Inspection and Meet and Confer

Defendants next argue Hernandez seeks excessive fees for the joint site inspection and in person meet and confer because the inspection and meet and confer both took less than one hour. Opp'n at 14. However, Hernandez does not seek fees solely for the time Moore spent at the inspection and meet and confer. Moore billed 4.50 hours on July 26 for "Travel to Redwood City to attend the mandatory JSI (1.5), site inspection (1) plus travel back to the office (1.5), Notes to the file re site inspection and correspondence with Mr. Preonas (.5)." Moore Decl., Ex. B. She billed 2 hours on October 18 for "Appear for the meet and confer. meeting with the client before and after." *Id.* This does not appear to be excessive. Further, much of the time billed is for travel, which is compensable. *Johnson v. CFS II, Inc.*, 628 F. App'x 505, 506 (9th Cir. 2016) ("An attorney's travel time is compensable") (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 (9th Cir. 1986)). Accordingly, no reduction is warranted.

11

#### e. Duplicate Entries

Defendants identify several entries they argue are duplicative. Opp'n at 14; Preonas Decl. ¶¶ 11-13. After reviewing the billing records and Defendants' list of allegedly duplicative entries, the Court agrees.

First, Moore and Law performed the same tasks on 4/11/2019 (prepare limited release and communicate with client re same), 10/17/2019 (review defense counsel's settlement counter and correspondence to Preonas with response), and 2/3/2020 (reviewing correspondence from Preonas and preparing a response), *see* Moore Decl., Ex. B, when it would have been sufficient for either an attorney or a paralegal to perform these tasks. As such, the Court will consider Law's entries (.4 on 4/11, .4 on 10/17, .2 and .5 on 2/3) duplicative. *See Trujillo*, 2018 WL 1142311, at *6 (deducting Law's hours where Moore and Law performed similar tasks).

Second, there are several entries regarding Moore's and Law's work on the fees motion that could be considered duplicative. However, the Court already applied a general deduction to their time for motion preparation above and no further deduction is warranted.

Third, on March 18, Guthrie billed .2 hours for "Communication with client. Review and verification of draft complaint" and .1 hours for "Communication with client: Receive and review verification of draft complaint." Moore Decl., Ex. B. This entry appears to be duplicative and the Court will deduct .1 hours for the second entry.

Finally, Hernandez states that one of the 2.0-hour entries billed by attorney Moore on 10/18/19 is duplicative "as it appears two entries were erroneously made." Reply at 7.

Totaling all deductions for duplicative entries, the Court will deduct the following from each timekeeper: 2 hours from Moore, 1.5 from Law and .1 from Guthrie.

#### f. Court Communications

Defendants argue the Court should deduct time submitted by Moore for review of court filings. Opp'n at 14-15. Hernandez argues Defendants have not identified which entries they are objecting to on this basis but agrees to deduct 50% of time spent by attorney Moore reviewing ECF filings, for a total of 0.5 hours. Reply at 8.

Having reviewing counsel's billing records, there are nine 0.1-hour entries of Moore's time

12

spent on reviewing ECF filings:

| | |
|---|---|
| 3/21/2019 | File Management: Reviewed doc 1-2 |
| 3/21/2019 | File Management: Reviewed doc 3 |
| 3/22/2019 | File Management: Reviewed doc 4-5 |
| 3/29/2019 | File Management: Reviewed doc 6 |
| 4/22/2019 | File Management: Reviewed doc 7-8 |
| 9/23/2019 | Strategy: Reviewed and analyzed document 15 |
| 11/1/2019 | Strategy: Reviewed and analyzed document 16 |
| 11/4/2019 | Strategy: Reviewed and analyzed document CASE REFERRED TO MEDIATION |
| 1/27/2020 | File Management: Reviewed court's order re additional time to file the fee motion and instructions to WL re same |

Moore Decl., Ex. B. The Court agrees with Defendants' objection and finds that no fees should be awarded for any of these hours. The communications in these entries are short, non-substantive notices which do not require anywhere near six minutes of review. *See Trujillo*, 2018 WL 1142311, at *7 (deducting time spent reviewing non-substantive notices). In addition, several of these "communications" are Plaintiff's own filings. *See, e.g.*, ECF Nos. 1-2, 6-8, 16. Accordingly, the Court will deduct .9 hours from Moore.

### g. Clerical Tasks

Defendants object to several time entries in general as clerical tasks. Opp'n at 15-16. Purely clerical tasks generally are not recoverable in a motion for attorney's fees and should instead be subsumed in normal overhead costs. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates"); *LaToya A.*, 2016 WL 344558, at *9 (same); *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah*, 569 F.3d at 921. Tasks such as preparing proofs of service, processing records, posting letters for mail, photocopying, three-hole punching, internal filing, calendaring, and preparing the summons and complaint for filing have been found to be purely clerical tasks for which fees are not recoverable. *LaToya*, 2016 WL 344558 at *9; *Yates*, 2014 WL 572528 at *6. Even if attorneys themselves do not perform these tasks, "their

13

'instruct[ions]' delegating those tasks to their support staff are no less clerical in nature." *Shaw v. Kelley*, 2019 WL 5102610, at *7 (N.D. Cal. Oct. 11, 2019).

The Court finds there are several entries that include purely clerical tasks (as underlined below):

| | | |
|---|---|---|
| 2/27 | Whitney Law (.40) | <u>Receive materials from client</u>; open new matter; perform conflict check |
| 3/13 | Whitney Law (.30) | <u>Receive additional information and documents from client</u> |
| 3/21 | David Guthrie (.70) | File Complaint: Prepare Civil Cover Sheet and Proposed Summons; <u>prepare Complaint with Verification as pdf. File via CAND ECF</u> |
| 3/22 | David Guthrie (.60) | <u>Receive case assignment. Download Judge's Orders and other required documents from court website. Mail Chambers Copy of case opening documents to Court</u>. Prepare letter to CA Comm on Disability Access and <u>mail same with copy of filed Complaint; Send copy of filed Complaint to client</u> |
| 3/22 | David Guthrie (.50) | <u>Receive Scheduling Order and Issued Summons from Court. Review Scheduling Order. Send summons, complaint and associated documents out for service</u> |
| 4/22 | David Guthrie (.20) | <u>File (2) POS via CAND ECF. Calendar date Answers due</u> |

Moore Decl., Ex. B. As such, the Court finds a reduction of the fee amount appropriate. As not all these entries contain purely clerical tasks (2/27, 3/21, 3/22, the Court will deduct 0.1 per clerical task interspersed in entries with non-clerical tasks. *See Crandall v. Starbucks Corp.*, 2016 WL 2996935, at *4 (N.D. Cal. May 25, 2016) (deducting 0.1 per clerical task for entries interspersed with non-clerical tasks). Accordingly, .40 hours of Law's time ($60) will be deducted, as will 1.3 hours of Guthrie's time ($156), for a total deduction of $216.

### 3. Summary of Lodestar Figure

In summary, as set forth above, the Court determines that the appropriate lodestar figure in this case is $16,936.50, as follows:

| | Moore | Law | Guthrie |
|---|---|---|---|
| Hours initially claimed | 49.5 | 26.7 | 2.6 |
| Hours claimed in Reply | 6.1 | 14.1 | |
| Less deductions | | | |

| | | | |
|---|---:|---:|---:|
| *Global Reduction* | -12 | -9 | |
| *Fees Motion Preparation* | -11 | -12 | |
| *Duplicate Entries* | 2 | -1.5 | -.1 |
| *Court Communications* | -.9 | | |
| *Clerical Tasks* | | -.4 | -1.3 |
| **Total hours** | **29.7** | **17.9** | **1.2** |
| **Reasonable hourly rate** | **$475** | **$150** | **$120** |
| **A x B** | **$14,107.50** | **$2,685** | **$144** |
| **Total Lodestar** | **$16,936.50** | | |

### 4. Departure from Lodestar

Once the lodestar has been calculated, the Court considers the *Kerr* factors to determine if it may be adjusted upward or downward. The following factors may be considered:

> (1) the time and labor required,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill requisite to perform the legal service properly,
> (4) the preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee,
> (6) whether the fee is fixed or contingent,
> (7) time limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained,
> (9) the experience, reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the professional relationship with the client, and
> (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. "The Supreme Court has noted, however, that the *Kerr* factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." *Chalmers*, 796 F.2d at 1212 (citing *Hensley*, 461 U.S. at 434 n. 9). Moreover, there is a strong presumption that the lodestar figure represents a reasonable fee and a multiplier should be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by specific evidence in the record, that the lodestar amount is unreasonably low or unreasonably high.

15

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

Here, Defendants recommend that the lodestar should be adjusted downward based on all twelve *Kerr* factors. Opp'n at 16-18. They argue "this was a very simple ADA case filed by an attorney and professional litigant that settled without any significant discovery or motion practice," it "did not involve any particularly difficult legal work," Hernandez and his counsel are "assembly line" filers, Hernandez only obtained the statutory minimum in damages and "limited barrier removal," and the statutes at issue eliminate any meaningful risk that Hernandez will not be compensated because they provide for strict liability and one-way attorney's fees. *Id.*

The Court is not persuaded that a reduction is warranted based on Hernandez's alleged "limited success." Defendants point out that Hernandez recovered only the minimum in statutory damages, whereas he is seeking a fee award that is much higher. Opp'n at 17. Defendants further opine that a reduction is particularly warranted since this was a routine, non-complex case where non-compliance with the applicable accessibility laws was not disputed and, hence, little risk that Hernandez would not recover fees of some sort. *Id.* at 16-17. This case does not strike the Court as a complex one or one that presents novel issues, yet all indications are that Hernandez's success was anything but limited. The ADA provides him with only injunctive relief, and there is no dispute that he obtained all the injunctive relief he sought in this case. Moreover, Hernandez requested only his minimum statutory damages (*see* Compl. at 8)—and $4,000 is all that is available to him by statute. Cal. Civ. Code § 52(a).

Defendants also argue that a reduction is warranted because Hernandez and his counsel are "assembly line" filers "prosecuting as many ADA cases as possible." Opp'n at 17. However, a serial disability access litigant is not necessarily an abusive one, and the Ninth Circuit has cautioned that courts "must be particularly cautious about affirming credibility determinations that rely on a plaintiff's past ADA litigation." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). This is because the ADA's "provision for injunctive relief only removes the incentive for most disabled persons who are injured by inaccessible places of public accommodation to bring suit. . . . As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled." *Id.* (citation omitted).

Thus, "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Id.* (citation omitted).

The Court finds no basis to apply a negative multiplier.

**C.    Costs**

Hernandez also seeks an award of $3,300.48 in out-of-pocket litigation expenses and costs as follows: complaint filing fee ($400); service on Defendants ($129.60); fees billed by CASp Inspected for travel, survey and report preparation related to the General Order 56 site inspection ($2,590); and pre-filing investigation fees ($180.88). Moore Decl., Exs. C-G. The Court has reviewed these expenses and finds they are the types of expenses reasonably incurred by fees-paying clients. Defendants argue the $2,590 cost is unreasonable because CASp is located three hours from the subject property and they should not have to pay for Hernandez's decision to hire CASp "[g]iven the number of qualified local inspectors in San Mateo County." Opp'n at 19. However, Hernandez is entitled to choose his consultants. *See Crandall*, 2016 WL 2996935, at *6 ("Nor is this court persuaded by defendants' arguments that plaintiff was obliged to pick a consultant closer to San Jose. Plaintiff is entitled to choose his consultants."). The Court therefore awards $3,300.48 in litigation expenses and costs to Hernandez.

**V.    CONCLUSION**

For the reasons stated above, Hernandez's motion is **GRANTED IN PART** and **DENIED IN PART**. Hernandez, as the prevailing party in this case, is entitled to recover $16,936.50 in attorney's fees and $3,300.48 in litigation expenses. The Court therefore awards $20,236.98 in attorney's fees, litigation expenses and costs in favor of Plaintiff Gerardo Hernandez.

**IT IS SO ORDERED.**

Dated: March 11, 2020

THOMAS S. HIXSON
United States Magistrate Judge